**MOORE, Plaintiff-Appellant, v. GENERAL MOTORS CORPORATION TERNSTEDT DIVISION et, Defendants-Appellees.**

Common Pleas Court, Franklin County.

No. 196,297.   Decided May 21, 1957.

Leslie D. Strickler, Cincinnati, for plaintiff-appellant.

Vorys, Sater, Seymour & Pease, Columbus, for appellee, General Motors Corp.

William Saxbe, Atty. Genl., John R. Barrett, Asst. Atty. Genl., Columbus, for appellee, Administrator of the Bureau of Workmen's Compensation.

# 88

## OPINION

By LEACH, J.

On October 5, 1956, notice of appeal was filed in this Court in which Frances Moore, hereinafter designated as claimant, gave notice of appeal from a ruling of the Administrator of the Bureau of Workmen's Compensation. It appears from the notice of appeal that on August 24, 1956, the Administrator on reconsideration ordered that the claimant's claim be disallowed for the reason that claimant's disability was not the result of an injury sustained in the course of and arising out of employment. The notice of appeal of October 5, 1956, was unsigned and on October 17, 1956, an amended notice of appeal signed by counsel for the claimant was filed, being identical in substance.

This case is now before the Court on motion to dismiss the appeal, filed by both the employer General Motors Corporation, and by the Administrator.

Prior to October 5, 1955, Workmen's Compensation Claims were handled entirely by the Industrial Commission. On that date the Bureau of Workmen's Compensation was created. By the provisions of §4121.12 R. C., the Bureau is administered by the Administrator of Workmen's Compensation and by the provisions of §4121.121 R. C., the Administrator is responsible for the discharge of all administrative duties imposed upon the Industrial Commission in Chapter 4123 R. C.

Under the Workmen's Compensation Law as amended effective October 5, 1955, an appeal was provided from the decision of the Administrator to one of the newly created Regional Boards of Review, the statute providing for the filing of a notice of appeal from the decision of the Administrator within 20 days after the date of mailing. Sec. 4123.516 R. C. This same statute authorized an appeal from the Regional Board of Review to the Commission by filing of a Notice of Appeal within 20 days after the date of the mailing of the decision of the Regional Board of Review.

The only authorization for an appeal to the Court of Common Pleas is contained in §4123.519 R. C., which provides in part as follows:

"The claimant or the employer **may appeal a decision of the industrial commission** in any injury case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. **Like appeal may be taken from a decision of a regional board from which the commission has refused to permit an appeal to the commission.** Notice of such appeal shall be filed by the appellant with the commission and the court of common pleas within sixty days after the date of mailing of the **decision of the commission** appealed from **or** the date of mailing of the **order of the commission refusing to permit an appeal** from a regional board of review." (Emphasis added.)

It will be noted that this statute provides for an appeal to the Common Pleas Court only from (1) a decision of the Industrial Commission in any injury case, etc., and (2) a decision of a Regional Board from which the Commission has refused to permit an appeal to the Commission.

Claimant, however, directs our attention to the provisions of §4121.121 R. C., which reads in part as follows:

"The administrator of the bureau of workmen's compensation shall be responsible for the discharge of all administrative duties imposed upon the industrial commission in **Chapter 4123 R. C.,** and in the discharge thereof:

       *           *           *           *           *

"The acts of the administrator or of one or more of his deputies within the scope of the authority conferred upon them by the administrator and the acts of a regional board of review are acts of the commission unless modified or set aside under the provisions of **Chapter 4123 R. C.**"

Claimant asserts that by virtue of this language of **§4121.121 R. C.,** the act of the Administrator herein is "a decision of the industrial commission" within the purview of such language in the first sentence of §4123.519 R. C. We do not agree with such assertion.

It is fundamental, of course, that the primary rule in the construction ana interpretation of statutes is to arrive at the intention of the legislature and that in reaching such intention, many different tests may be applied as an aid in such construction. **37 O. Jur. 480.**

If, giving to its broadest scope, the contention of the claimant that the act of the Administrator is the act of the Commision, within the intendment of §4123.519 R. C., is accepted, it would appear that the legislature, in spite of the language actually employed, intended §4123.519 R. C., to be read as follows:

"The claimant or the employer may appeal a decision of the industrial commission, **the regional board, or the administrator** in any injury claim, other than a decision as to the extent of disability, to the court of common pleas * * *. Like appeal may be taken from a decision of the regional board from which the commission, **the regional board, or the administrator** has refused to permit an appeal to the commission, **the regional board, or the administrator.** Notice of such appeal shall be filed by the appellant with the commission, and the court of common pleas within sixty days after the date of mailing of the decision of the commission, **the regional board or the administrator** appealed from or the date of mailing of the order of the commission, **the regional board, or the administrator** refusing to permit an appeal from a regional board of review." (Emphasized matter added.)

We think it clear that the legislature had no such intent. Obviously there cannot be an appeal from a Regional Board to the Administrator or to another Regional Board. And yet, if we were to accept the premise that any act of the Administrator or the Regional Board is an act of the Commission because of the language of **§4121.121 R. C.,** such a result would follow.

As heretofore stated, prior to October 5, 1955, the entire administration of the Workmen's Compensation laws was in the Industrial Commission. In the process of dividing responsibility between the Commission and the newly created offices of Administrator and Regional Board of Review and making other changes, the legislature amended three sec-

tions and added four new sections to **Chapter 4121 R. C.,** and amended seventeen sections, added thirty-eight new sections and repealed three former sections of **Chapter 4123 R. C.** Seventy-nine sections of **Chapter 4123 R. C.,** were left unamended, many of which continued to refer to acts to be performed by the commission, although due to the present division of authority between the Administrator and the Commission, it is now apparent that such authority is lodged in the Administrator. Rather than amending all of such sections to substitute the word "administrator" for "commission," the legislature chose to accomplish the same result by the language of §4121.121 R. C., that the "administrator * * * shall be responsible for the discharge of all **administrative duties** imposed upon the industrial commission in **Chapter 4123 R. C.,** and **in the discharge thereof** * * *. The acts of the administrator * * * are acts of the commission * * *."

While such a system of amendment leaves much to be desired from the point of view of clarity, we think it clear that the legislature intended merely to authorize the Administrator to perform these administrative duties formerly lodged in the Commission and not specifically changed by amendatory language. On the other hand, we think it equally clear that such language was not intended to have reference to the word "commission" as contained in the newly enacted or newly amended sections of **Chapter 4123 R. C.** A careful examination of the language contained in such newly enacted or amended sections reveals that throughout such sections we find references to "commission" or to "administrator" which obviously are used in their literal sense. It is quite apparent that in such newly enacted or amended sections we cannot substitute the word "commission" for "administrator" wherever the latter word appears, without doing violence to any semblance of a legislative scheme of division of authority between the Administrator, the Regional Board and the Commission.

As heretofore pointed out, the word "commission" in the language of §4123.519 R. C., permitting a like appeal "from a decision of the regional board from which the commission has refused to permit an appeal to the commission," obviously has reference to the Commission itself and not to the act of the Administrator as being the "acts of the commission." Under the rule of noscitur a sociis, it would seem that the other uses of the word "commission" in this same statute would have the same meaning. This same conclusion would also be reached by the application of the principle that the specific language of a statute dealing with the subject matter in question, here the subject matter of appeal governs over the general language of another statute.

Our attention also has been directed to the case of Wine v. Summer and Co., No. 194,836, in which another branch of this Court held that an appeal could be taken to the Common Pleas Court directly from the decision of the Regional Board of Review without any attempt to appeal to the Industrial Commission from the decision of the Regional Board. The Court in the Wine case predicated its decision upon the provisions of §4123.516 R. C., which provides that "The decision of a regional board of review shall be the decision of the commission unless the commission

upon application of the administrator, the claimant or the employer, made within twenty days after the date of mailing of the decision of the regional board of review allows an appeal to the commission."

Based upon this language the Court in the Wine case concluded that a decision of the Regional Board of Review, after 20 days, became "a decision of the Industrial commission" within the meaning of §4123.519 R. C., as contained in the first sentence of such section.

The employer contends that the Wine case is in error and that in any event it is distinguishable since there the appeal to this Court was from the decision of the Regional Board of Review while here the appeal is from the decision of the Administrator. As to the claim that the Wine case is in error, it is interesting to note that the counsel for the employer herein represented the appellant in the Wine case and successfully urged upon the Court the exact argument which they now contend is in error.

Without regard to whether an appeal may be taken directly from the Regional Board of Review to this Court where the Commission has not refused to permit an appeal, we believe that no such appeal can be taken to this Court directly from the action or decision of the **Administrator.**

The language of **paragraph "I"** of §4121.121 R. C., is distinguishable from the language relative to the order of the Regional Board of Review becoming the order of the Commission as contained in §4123.516 R. C., since in the scheme of arrangement of the statutes, the latter is contained in a statute pertaining to appeal after the action of the Administrator while the provisions of §4121.121 R. C., clearly pertain to division of authority between the Administrator on the administrative level and the Regional Board of Review and the Industrial Commission on the appellate level.

While the specific question now before this Court was not involved in **State, ex rel. Federated Department Stores, Inc. v. Brown, 165 Oh St 521,** we note that the second paragraph of the syllabus reads in part:

"2. Under §4123.519 R. C., a claimant or an employer may appeal from a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. Like appeal may be taken from a decision of a Regional Board of Review from which the commission has refused to permit an appeal to itself. * * *"

We note from the opinion that the Court referred to the "administrator," the "Regional Board of Review" and the "commission" as separate entities. Thus its reference in the syllabus to the "Industrial Commission" could hardly be considered as including the Administrator.

Finding as we do that this Court has no jurisdiction to entertain an appeal from the decision of the Administrator of the Bureau of Workmen's Compensation, the motions to dismiss the appeal, filed both by the employer and by the Administrator are sustained, and the appeal dismissed at the cost of the appellant. Entry may be prepared accordingly.